```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANGEL L. HERNANDEZ AND DANIELLE KELLY,
on behalf of themselves and all other
similarly situated employees,
                                                    08-CV-6254T
                      Plaintiffs,

           v.                                         ORDER

ALPINE LOGISTICS, LLC, JEFFREY R. BOENSCH,
RONALD E. EASON, BRUCE A. MARENKEWICZ, AND
JAMES E. GLENNIE,

                      Defendant.
_____
```

Plaintiffs Angel Hernandez and Danielle Kelly, former employees of defendant Alpine Logistics, LLC, ("Alpine"), bring this action pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law claiming that they were improperly denied overtime benefits under state and federal law. Plaintiffs now move for a default judgment in the amount of $137,602.75 against defendants Alpine, Jeffrey R. Boensch ("Boensch"), Ronald E. Eason, ("Eason") and Bruce A. Marenkewicz ("Marenkewicz"). Defendants Boensch, Eason and Marenkewicz (along with defendant James E. Glennie), who has been dismissed from this action, are identified in the Amended Complaint as the sole shareholders of Alpine Logistics.

The named plaintiffs are truck and van drivers who drove delivery trucks and delivered packages for DHL delivery services. Defendant Alpine contracted with DHL services to deliver DHL packages, and hired the plaintiffs to effectuate its contract with DHL. Plaintiffs represent approximately 69 drivers who worked for

Alpine. Plaintiffs allege that although they worked significant amounts of overtime, they were not properly compensated for overtime worked.

Plaintiffs' motion for default judgment is granted. Plaintiffs have obtained an entry of default against the defaulting defendants Boensch, Eason, and Marenkewicz. Although the Clerk of the Court has not issued an entry of default against defendant Alpine on grounds that Alpine initially appeared in this action, I find that entry of default is warranted due to the fact that counsel for Alpine (with the court's permission) withdrew from this action on April 13, 2012, and Alpine (a corporation which cannot appear pro se) has not appeared via new counsel. Nor has Alpine responded to the plaintiffs' Amended Complaint. Accordingly, I direct the Clerk of the Court to issue an entry of default against defendant Alpine prior to entering this judgment of default against all defaulting defendants.

"The law is clear ... [that a defendant's] failure to appear and the Clerk's subsequent entry of default against it do not automatically entitle plaintiff to a default judgment." Jackson v. Corr. Corp. of Am., 564 F. Supp. 2.d 22, 26-27 (D.D.C., 2008). "[T]he defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief." Descent v. Kolitsidas, 396 F.Supp.2d 1315, 1316 (M.D.Fla., 2005). In the instant case, I find that plaintiffs have stated a claim for relief. Plaintiffs have alleged that they were

employed by the defendant Alpine, that they were entitled to overtime pay, that they were not paid overtime, and that the defaulting individual defendants constituted employers under state and federal law. These allegations are sufficient to state a claim under the New York Labor Law and the Fair Labor Standards Act. I further find that plaintiffs have established that they are entitled to the amount of damages they seek, and that the distribution of damages to the plaintiff class as set forth in Exhibit 1 to Plaintiff's Motion for Default Judgment is appropriate. Finally, plaintiff's request for attorney's fees and costs is supported by the documentation set forth in Exhibits 2, 3, and 4 of Plaintiff's Motion for Default Judgment.

Accordingly, for the reasons set forth above, I grant plaintiff's motion for default judgment in the amount of $137,602.75 as follows:

Judgment in the amount of $5,274.97 against defendants Boensch, Eason, and Marenkewicz and Alpine for damages resulting from unpaid minimum wages under New York Labor Law, and judgment in the amount of $1,318.74 for liquidated damages under the New York Labor Law;

Judgment in the amount of $28,220.85 against defendants Boensch, Eason, and Marenkewicz and Alpine for damages resulting from unpaid overtime wages under the Fair Labor Standards Act, and judgment in the amount of $28,220.85 for liquidated damages under the FLSA; and

Judgment in the amount of $71,386.14 against defendants Boensch, Eason, and Marenkewicz and Alpine for attorney's fees and costs for the law firm of Burns & Schultz LLP attorneys' fees and costs $71,386.14, costs to Burns & Schultz LLP in the amount of $331.20 for service of process fees for individual defendants, and attorneys' fees of $2,850.00 to the law firm of Davidson Fink LLP.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         November 22, 2013